NOT DESIGNATED FOR PUBLICATION

No. 122,757

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN C. CLEAVER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed June 18, 2021. Affirmed.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before WARNER, P.J., BUSER and CLINE, JJ.


PER CURIAM: John C. Cleaver asserts the district court abused its sentencing discretion by disregarding the individual circumstances of his case and, instead, issuing a blanket judgment based on the district court's personal feelings. We find Cleaver's assertion unfounded and affirm.


Cleaver pled guilty to a nongrid felony driving under the influence (DUI) charge. In his plea agreement, the State agreed to recommend a controlling sentence of 12 months in jail and a fine of $2,500. The State also agreed to recommend a mandatory 72

1

hours in jail before being placed on house arrest or work release for a term of 4,320 hours, with 12 months of postimprisonment supervision.

Cleaver failed to appear for his sentencing hearing on July 19, 2018. The district court issued a bench warrant for his arrest. After his arrest several months later, he appeared for sentencing on February 24, 2020. The State asked the district court to find Cleaver violated his plea agreement by failing to appear at his July 19, 2018 sentencing hearing. Based on that finding, the State then asked the court to increase the house arrest or work release portion of Cleaver's sentence from 4,320 hours (six months) to 6,480 hours (nine months). Cleaver conceded that he violated the plea agreement and that his violation relieved the State from its obligation to recommend the sentence set forth in that agreement. Still, Cleaver asked the district court to follow the sentencing recommendations in the plea agreement.

When pronouncing Cleaver's sentence, the district court described his "pretty lengthy criminal history" and pointed out this was Cleaver's seventh DUI. While emphasizing the "excellent plea bargain" Cleaver had received, the court expressed its displeasure with the District Attorney's Office plea bargaining practices in DUI cases, remarking:

> "I don't agree with the way the [district attorney] plea bargain[s] these things. I mean, you could have the 25th DUI and they're gonna recommend the same thing, that you get, you know, your 90 days of house arrest and two days in jail. And that's just not the way it ought to be. I mean, really, in my opinion, once you get much beyond like a fourth DUI it's just go do a year in jail . . . keep the community safe, dry out, think about your alcoholism, come up with a plan to address it. So I mean, I'll take these to trial, you know, be glad to have them go to trial in my courtroom all day long, double 'em up in a week and that sort of thing. So that's really what you're up against here. It was an excellent plea bargain."

Then, after noting it was considering all the required factors, the district court followed the State's recommendation to increase the work-release portion of Cleaver's sentence to 6,480 hours. The court otherwise sentenced Cleaver in accordance with the plea agreement.

On appeal, Cleaver argues the district court judge's feelings improperly clouded his judgment when determining Cleaver's sentence. Cleaver claims the district court's comments reveal it sentenced Cleaver based on a "blanket judgment" about DUI defendants and the District Attorney's Office's plea-bargaining practices, rather than on the individual circumstances of Cleaver's case. On this basis alone, Cleaver argues the district court abused its sentencing discretion by extending the work-release portion of his sentence by three months.

A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable, (2) based on an error of law, or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). Since Cleaver does not claim the district court committed a legal or factual error, we must simply determine whether the court acted unreasonably, fancifully, or arbitrarily when sentencing Cleaver.

The record shows the district court acted well within its discretion when sentencing Cleaver. To begin with, Cleaver's argument turns on a factual error. He asserts the district court imposed a sentence "even harsher than the State's increased request once the plea agreement no long bound it," as evidence the district court ignored the circumstances of his case. In fact, quite the opposite is true. The State specifically asked the district court to increase the work-release portion of Cleaver's sentence by three months (from 4,320 hours to 6,480 hours) because of Cleaver's violation of the plea agreement. The district court did not "go rogue" but, instead, explicitly followed the State's recommendation.

Cleaver also unduly emphasizes the district court's remarks. While the court commented (perhaps imprudently) on the plea-bargaining practices of the District Attorney's Office, these comments were incidental. Indeed, rather than evidencing a blanket judgment, the court's comments explain its reason for diverging from the terms of the plea agreement—namely, Cleaver's violation of an "excellent plea bargain."

Relying on *State v. Welch*, No. 121,700, 2020 WL 5083324 (Kan. App. 2020) (unpublished opinion), Cleaver asserts that comments made by a district court can show a failure or refusal of the district court to exercise discretion, requiring a reversal. In *Welch*, the defendant relied on three judicial statements from the probation revocation hearing as evidence the district court made a blanket ruling, which were:  (1) "'I don't modify sentences when somebody violates,'" (2) "'I don't modify when a person has violated,'" and (3) "'I'm not singling you out. I just wouldn't do it for anybody.'" 2020 WL 5083324, at *4. A panel of this court found these statements "suggest an arbitrary rule disposing of this issue the same way in all cases without any individualized consideration." 2020 WL 5083324, at *4. This court clarified that, even if a proper individualized consideration would lead to the same outcome, a district court's governing criterion on a defendant's request for a sentence modification cannot be "one size fits all." 2020 WL 5083324, at *4. Even so, this court noted that, had the district court made only one statement in passing that it normally does not grant sentence modifications, then the court may have found it harmless, given other thoughtful comments the district court made. 2020 WL 5083324, at *4.

Here, Cleaver claims two specific statements show the district court made a blanket judgment and did not sentence Cleaver based on his individual circumstances: (1) "in my opinion, once you get much beyond like a fourth DUI it's just go do a year in jail . . . keep the community safe, dry out, think about your alcoholism, come up with a plan to address it," and (2) "I'll take these to trial, you know, be glad to have them go to trial in my courtroom all day long, double 'em up in a week and that sort of thing."

Cleaver contends these statements suggest the district court sentenced him in accordance with its "sweeping judgment and belief that *all* defendants with more than five DUIs should receive the maximum sentence." But as the State points out, if this were true, then the district court would have ordered Cleaver to serve the entire 12-month sentence in jail without giving him the opportunity at work release. Instead, it adopted the State's recommended sentence, which was far more lenient than the blanket rule Cleaver claims the district court espoused.

When determining Cleaver's sentence, the district court specifically acknowledged the individual circumstances in Cleaver's case, including his long criminal history, prior DUI convictions, and violation of an excellent plea bargain. Imposing a sentence which extended the work-release term by three more months, particularly when the State requested that very extension, was not arbitrary, fanciful, or unreasonable.

Affirmed.